scription concerning the division of the water in equal shares between those two races, and the right of the upstream proprietors, which is said to be invaded, to have the water flow through their water wheels with the velocity engendered by the natural grade of its course at those points, without being held back by obstructions lower down the stream, does not necessarily depend upon convention or proof of adverse use, nevertheless the injury to each class consists in the diminution of water power, and arises out of the one wrongful act of defendant in raising the dam, and both will be relieved from a continuance of the injury by a judgment, which is prayed for, requiring defendant to lower the dam to its former height; so that it would seem possible for a court of equity to dispose of the whole matter involved in one action. But, if doubt exists as to the right of the plaintiff to bring an action for the upstream proprietors, that question will come up for decision when they or any of them seek to intervene in the action or avail themselves of its benefits. The question is not necessarily involved in the decision of this demurrer, inasmuch as it is not necessary to count them in with the Dey race proprietors in order to make it appear that "many persons" are interested.

The demurrer that plaintiff is not authorized, or has not legal capacity, to sue for itself and others, is taken to the complaint as a whole, and so is the ground of demurrer that there is no cause of action stated; and a demurrer to the whole complaint will not be available as to a separate cause of action stated therein and not specifically pointed out in the demurrer, unless it is good as to the whole complaint. Code, § 492; Jarvis v. Palmer, 11 Paige, 650. The objection of a defect of parties is separately stated as to the allegations concerning upstream proprietors; but, if the allegations respecting the injuries to their rights are not pertinent to the plaintiff's cause of action, nor properly set forth in conjunction therewith, the plaintiff could not properly have joined them as coplaintiffs, and there is no defect of parties—the allegations concerning them in that view being irrelevant to the cause or causes of action properly set forth. And if the cause of action of the upstream proprietors can be joined, because of their interest in the subject, then the plaintiff has properly brought this suit for himself and them.

The demurrer is overruled, with leave to defendant to plead over on payment of costs.

---

(52 Misc. Rep. 601)

NEW YORK CENT. & H. R. R. CO. v. SAYLES et ux.

(Supreme Court, Special Term, Herkimer County. February, 1907.)

EMINENT DOMAIN—AWARD—SUFFICIENCY.

A confirmation of a report of commissioners in condemnation proceedings, opposed on the ground that the award was inadequate, as the land had a special value other than for farm purposes, will be confirmed where the evidence, though justifying a larger award, was sufficient to sustain the findings of the commissioners.

Condemnation proceedings by the New York Central & Hudson River Railroad Company against George M. Sayles and wife. Motion to confirm report of commissioners. Report confirmed.

Henry Purcell, for the motion.

J. H. O'Brien, opposed.

DEVENDORF, J. This is a motion to confirm a report of commissioners appointed to ascertain the compensation to be made to the defendants for certain real property taken by the plaintiff for railroad purposes. The confirmation is opposed on behalf of the defendants on the ground that the amount awarded is inadequate.

The land adjudged to be taken consists of 2.95 acres of land, and is claimed to have a special value, other than that for farm purposes, by reason of a sand pit and muck bed located thereon. Considerable evidence was taken in the matter, and I think an award considerably larger than that rendered herein would have been well sustained by such evidence. I am of the opinion, however, that there is sufficient evidence in the case to sustain the findings of the commissioners as actually made; and, while it may be said that other minds might differ as to the proper amount to be allowed, yet I do not think, under the showing, that the court would be justified in refusing to confirm the report, or in sending it back and requiring the commissioners to specify, in a supplemental report, the particular elements of the damage allowed. The value of this property was a definite question of fact to be determined by the commissioners, as they viewed it, from the evidence and proceedings before them and from their inspection of the premises. They have rendered their decision as to such value, and, I think, as above stated, there is evidence, if true, sufficient to sustain it. Therefore I am not inclined to interfere with such report, and the same is accordingly confirmed.

Upon this motion the defendants ask that, if confirmation is granted, an extra allowance be made in their behalf herein. I agree with them in that regard, and think they are entitled to an extra allowance of 5 per cent. upon the award, that they may be saved harmless as far as may be, from costs and disbursements.

---

(52 Misc. Rep. 614)

### PEOPLE v. McCLELLAN.

(Supreme Court, Special Term, New York County. February, 1907.)

ELECTIONS—BALLOT BOXES—CONTROL AFTER ELECTION.

A motion to take ballot boxes containing the votes cast at an election for mayor from the custody of the officer with whom they were deposited under Laws 1896, p. 963, c. 909, § 111, and appointing guards for such boxes, will not be granted, without proof showing reasonable grounds for fear that they will be tampered with or exposed to the danger of loss.

Proceeding by the people against George B. McClellan. Motion to vacate an order impounding the ballot boxes containing the ballots cast at the election for mayor in the city of New York. Motion granted, and order vacated.

See 103 N. Y. Supp. 146.